(109 App. Div. 591)

SHOLL et al. v. PRINCE LINE, Limited.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

EVIDENCE—CONTRACTS—AMBIGUOUS TERMS—EXPLANATION BY PAROL.
Where plaintiffs agreed to ship "without time limit" by defendant's line 50,000 boxes of macaroni from Naples to New York, and claimed that the contract entitled them to make the shipments at any time during an ordinary lifetime at least, while defendant insisted that the phrase referred only to the colder season of the fall and winter following the making of the contract, in which condition of the weather macaroni was ordinarily shipped, the phrase "without time limit" was ambiguous, and parol evidence was admissible to explain it.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2104–2108.]

Appeal from Trial Term, New York County.

Action by Edward P. Sholl and another against the Prince Line, Limited. From a judgment directing a verdict in favor of plaintiffs, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Charles R. Hickox, for appellant.

William A. Moore, for respondents.

HOUGHTON, J. The plaintiffs proposed in writing to 'defendant's agent, in July, 1897, to ship by its line 50,000 boxes of macaroni from Naples to New York, "without time limit," at 5d. per box, provided defendant would refund to plaintiffs 1d. per box on the completion of arrival of each 10,000 boxes. Other conditions were contained in the proposal, all of which were formally accepted by letter. During the year 1898, plaintiffs made two shipments by defendant's line at 3½d. per box, without claim of rebate, and finally from the latter part of the year 1899, by various shipments, completed the quota of 10,000 boxes at 5d. and demanded the rebate, which defendant refused to pay, and this action was brought therefor.

On the trial plaintiffs proved their written contract and shipment and rested. The defendant claimed that the phrase "without time limit" was ambiguous, and offered to show the circumstances surrounding the making of the contract and the antecedent parol negotiations connected therewith. This evidence the trial court refused to receive, and, we think, improperly. One of the conditions which plaintiffs imposed in their proposal to the defendant was that it should furnish a regular monthly steamship service. The plaintiffs' interpretation of the contract is that they have the right to make shipments at the terms provided during an ordinary lifetime at least, and hence that defendant must maintain a regular monthly service for their accommodation during that period. The defendant insists that the phrase "without time limit" was understood by the parties to have a much more restricted meaning, and referred only to the colder season of the fall and winter following the making of the contract, in which condition of the weather macaroni is ordinarily shipped.

We think it quite clear that the language of the contract is so ambiguous as to permit parol proof of the negotiations had between the parties, for the purpose of pointing out their intent in the use of the phrase "without time limit." Where language is ambiguous or susceptible of more than one construction, or is vague or general, or inappropriate to express the true intent, extraneous evidence is admissible to explain, and an antecedent parol agreement may be proved to show, the intent of the parties. Springsteen v. Samson, 32 N. Y. 703; Emmett v. Penoyer, 151 N. Y. 564, 45 N. E. 1041. With such light as parol evidence might throw upon the use of. the phrase, if the facts proven tended to show the use of the words in a restricted sense, a question of fact might then be presented for the jury to determine whether or not plaintiffs' shipments were within the contract, and whether or not the defendant was liable for the rebate of

freight demanded. The questions of whether the contract was abandoned, or whether, without any explanation, it should be construed to continue indefinitely or not, we neither discuss nor decide, as these will be for determination on the new trial.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.